NATIONAL ICY–O–BEVERAGES, Inc., v. DAVIS et al. (WILLIAMS OIL–O–MATIC HEATING CORPORATION, Intervener).

No. 1888.

District Court, D. Maryland.

July 25, 1932.

George Ross Veazey, Wm. H. Price, Jr., and Ambler H. Moss, all of Baltimore, Md., for plaintiff.

George L. Wilkinson and Langdon Moore, both of Chicago, Ill., and John E. Cross, of Baltimore, Md., for defendants.

WILLIAM C. COLEMAN, District Judge.

This is a suit for trade-mark infringement; the question being whether the plaintiff's registered trade-mark "Icy-O" is infringed by the defendants' registered tradename "Ice-O-Matic."

The plaintiff company is a dealer in so-called dispensing refrigerator cabinets, which are portable containers used by dispensers of soft drinks for the purpose of keeping them cool, while affording a handy method of offering them to the trade. The device does not itself manufacture ice. The Williams Oil-O-Matic Heating Corporation was permitted to intervene as a party defendant upon a showing that it manufactures the device, and was the real owner of the trademark used thereon, of which the plaintiff complains. This device, an electrical refrigerating apparatus made in various sizes for household, hotel, and similar use, is a means whereby foodstuffs, liquids, etc., are cooled and preserved by means of ice automatically made in the apparatus; that is, one of the many modern forms of electrically operated refrigerating units.

It appears that the use of the word "Icy-O" preceded the use of the word "Ice-O-Matic"; that is, the former was first used in 1923 and the latter in 1928. On the other hand, the word "Oil-O-Matic" was used as early as 1921 by the defendants or their predecessors. While, therefore, in point of time, plaintiff's trade-mark has precedence over defendants' specific mark here in controversy, this is not true with respect to the use of the suffix "O-Matic." It further appears that the intervener, Williams Oil-O-Matic Heating Corporation, has been using for more than ten years past the trade-mark "Oil-O-Matic" on oil burner apparatus which it manufactures and sells for heating purposes. Also it appears that the suffix "O-

Matic" has become generally identified with this company's products through its extensive use of the trade-marks "Oil-O-Matic," "Dist-O-Matic," and "Ice-O-Matic" on its products, and through widespread advertising of its products so identified, with the result that the use of the word "Ice-O-Matic," as applied to refrigerating apparatus, is recognized by the purchasing public as identifying it as this company's product.

Plaintiff contends that the defendants have not and cannot acquire a proprietary right in the name "Oil-O-Matic," that it is merely the composite of the common word "oil" and the suffix "matic," which cannot be said to have acquired a secondary meaning, and that its own trade-name "Icy-O," being not a mere descriptive, but a fanciful or coined, word, is so closely simulated by the word "Ice-O-Matic" that by sound, appearance, and the thought suggested, the latter is calculated to confuse and to deceive the public.

With this we cannot agree. It is axiomatic that the registry of a trade-mark can give no greater rights than that mark may have acquired at common law. In short, registration confers no rights and limits none, but is a mere procedural advantage, depending upon common-law ownership. United Drug Co. v. Theodore Rectanus Co., 248 U. S. 90, 39 S. Ct. 48, 63 L. Ed. 141. On the other hand, it is equally well settled that one article need not directly compete with another in order to infringe. See Finchley, Inc., v. Finchly Co. (D. C.) 40 F.(2d) 736, and cases cited. But the test of infringement is a reasonable test, and we do not find from any angle such similarity between the two names as is calculated to confuse or deceive the public. The only direct similarity lies between the use of the common noun "ice" by the defendants and the adjective "icy" by the plaintiff, followed in each instance by the vowel "o" between hyphens. Whatever may be the acquisitive rights of the defendants in the common suffix "matic," or "o-matic"—a question which we need not decide—this suffix so definitely distinguishes the name as a whole as to refute any but a very strained argument that it is likely to be confused with plaintiff's name in any real sense, for the suffix of itself at once suggests the common word "automatic," derived from the Greek "autos," meaning "self," and a root probably meaning "to move"; that is to say, something that is self-acting, self-regulating, mechanical, a suggestion totally lacking in the word "Icy-O."

For the aforegoing reason alone, the bill of complaint must be dismissed, and it becomes unnecessary to consider the numerous other questions presented.